UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GONGRONG ZHAO,

                              Plaintiff,

            v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES

                             Defendant.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

21-CV-2002 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

       Gongrong Zhao ("Plaintiff"), proceeding pro se, filed this action against United States Citizenship and Immigration Services ("Defendant") seeking mandamus relief pursuant to 28 U.S.C. § 1361 and the Administrative Procedure Act. For the reasons discussed below, the complaint is dismissed without prejudice for failure to prosecute.

## BACKGROUND[1]

       Plaintiff commenced the instant action on April 5, 2021, in the United States District Court for the Southern District of New York. (Compl., ECF No. 1.) The case was transferred to this Court on April 14, 2021. (ECF No. 4.) In a motion dated September 14, 2021, Defendant requested a pre-motion conference seeking leave to file a motion to dismiss the complaint. (Def.'s Pre-Mot. Conference Request, ECF No. 9.) By order dated September 20, 2021, Plaintiff was directed to file a response to Defendant's request by October 4, 2021. Plaintiff failed to file a response. By order dated October 14, 2021, Plaintiff was again directed to file a response, this

---

[1] The following facts are derived from Plaintiff's complaint and the case docket; the facts are assumed to be true for the purpose of this memorandum and order. The Court refers to the page numbers assigned by the court's ECF system.

time by October 28, 2021.  In the same order, Plaintiff was warned that "[f]ailure to abide by this order may result in dismissal of Plaintiff's case for failure to prosecute."  Plaintiff again failed to file a response.  By order dated February 16, 2022, Plaintiff was directed for a third time to file a response by March 11, 2022.  In that order, Plaintiff was warned that failure to file a response could result in dismissal of the action for failure to prosecute.  Again, Plaintiff failed to respond.  Indeed, Plaintiff has not filed anything on the docket since July 2021.

## DISCUSSION

A district judge may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if "the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]"  Fed. R. Civ. P. 41(b).  The prudent application of this rule is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Manshul Const. Corp. v. Int'l Fid. Ins. Co.*, 182 F.3d 900, 900, 1999 WL 461756, at *2 (2d Cir. 1999) (unpublished table opinion) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)) (dismissing *sua sponte* with prejudice).  Notwithstanding its benefits, disposal of cases for want of prosecution is "a harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.3d 853, 855 (2d Cir. 1972) (per curiam)).  Thus, as a procedural safeguard, district courts must balance five factors, none of which are dispositive, when determining the propriety of dismissal for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535. That said, the latitude afforded to unrepresented parties does not exempt them from diligently prosecuting their cases; pro se litigants are still "required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat'l Lab'y.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order) (affirming dismissal for failure to prosecute where pro se litigant did not respond to discovery for three months).

Dismissal is proper here. *First*, nearly a year has lapsed since Plaintiff was first directed to file a response to Defendant's request. While there is no bright-line rule, the Second Circuit has found shorter periods of inaction sufficient to warrant dismissal. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (affirming dismissal of pro se action for failure to prosecute after seven months of inaction); *see also Brow v. City of N.Y.*, 391 F. App'x 935, 937 (2d Cir. 2010) (affirming district court's judgment of dismissal for failure to prosecute after plaintiff caused a delay of "nearly six months" by repeatedly failing to appear for his deposition). Without question, a more than eleven-month delay is sufficient.

*Second*, Plaintiff has been given two clear notices that failure to comply with the Court's directives would result in dismissal for failure to prosecute. In both the October 14, 2021 and February 16, 2022 orders, the Court warned Plaintiff that failure to file a response to the Court's orders may result in dismissal for failure to prosecute. Despite these warnings, Plaintiff has

3

failed to file a response. These orders are sufficient to support dismissal. *See, e.g.*, *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (finding sufficient notice of dismissal where the "record reveals that [plaintiff] received at least two notices that her action could be dismissed for a failure to prosecute").

*Third*, any further delay would prejudice Defendant. Whether a defendant has been prejudiced "turns on the degree to which the delay was lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). Courts may presume such prejudice where Plaintiff has caused an "unreasonable delay." *Lyell Theatre Corp.*, 682 F.2d at 43. Indeed, the Second Circuit has affirmed dismissal for failure to prosecute when considering shorter delays. *See, e.g.*, *Brow*, 391 F. App'x at 937 (affirming dismissal where Plaintiff caused a delay of six months). Here, Plaintiff has inexplicably caused an eleven-month delay by failing to respond to Defendant's request for a pre-motion conference despite the Court's multiple orders directing Plaintiff to do so. As such, Defendants are presumed to be prejudiced.

*Fourth*, a balancing of the Court's interest in managing its docket and Plaintiff's interest in her chance to be heard weighs in favor of dismissal. This prong is satisfied where the Court affords a plaintiff "ample time to inform the Court that [s]he [stands] ready to press [her] claims[.]" *See Ruzsa*, 520 F.3d at 177–78. Here, the Court has issued three orders over an eleven-month period directing Plaintiff to respond to Defendant's request for a pre-motion conference. More than seven months have lapsed since the issuance of the Court's most recent order, yet Plaintiff has still failed to respond. In other words, Plaintiff has been given ample time to indicate a readiness to proceed. *See id.* (finding fourth prong satisfied where dismissal was delayed for twenty days).

*Fifth*, given Plaintiff's repeated failures to respond to the Court's orders, no lesser sanctions would be effective. *See, e.g.*, *Horton v. City of New York*, No. 14-CV-4279, 2015 WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015) ("Plaintiff has made no effort to comply with the Court's orders and prosecute this case, despite warning from this Court that the case would be dismissed. Further warnings are likely to be futile. No lesser sanction would be effective and dismissal at this juncture is the only appropriate course."), *report and recommendation adopted*, No. 14-CV-4279, 2015 WL 13019585, at *1 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 F. App'x 822, 824 (2d Cir. 2016); *see also Ruzsa*, 520 F.3d at 178 ("in light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case"). Indeed, in light of the substantial period that has lapsed since Plaintiff has taken any action in the case, the Court is hard pressed to see how any other sanction might move Plaintiff to act.

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
September 19, 2022  LaSHANN DeARCY HALL
United States District Judge

5